Case: 4:19-cv-00188-SNLJ   Doc. #:  35   Filed: 04/25/19   Page: 1 of 3 PageID #: 338

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL SEEFELDT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERTAINMENT CONSULTING INTERNATIONAL, LLC,<br><br>OUTFIELD BREW HOUSE, LLC d/b/a BUDWEISER BREW HOUSE,<br><br>Defendants. | Case No. 4:19-cv-00188-SNLJ |

**UNITED STATES OF AMERICA'S ACKNOWLEDGMENT OF
CONSTITUTIONAL QUESTION AND CONSENT MOTION
<u>FOR EXTENSION OF TIME TO INTERVENE</u>**

On March 15, 2019, Defendants in the above-captioned action filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1(a). *See* ECF No. 16. In that Notice, Defendants stated that they had filed a motion to dismiss that "raises the question of whether the First Amendment prohibits the application of the restrictions in the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ('TCPA'), to the alleged text messages at issue in the case at hand, as well as whether the TCPA itself is unconstitutional, because (1) it is a content and speaker based restriction that violates the Free Speech and Equal Protection Clauses, and (2) it is unconstitutionally vague and overbroad." *Id.* at 1. The Court has not yet certified the constitutional question. *See* Fed.

R. Civ. P. 5.1(b); 28 U.S.C. § 2403.  Federal Rule of Civil Procedure 5.1(c) provides that: "Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier," which in this case would be May 14, 2019, unless the Court sets a later date.

The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question.  28 U.S.C. § 2403(a).  Counsel for the United States respectfully advises the Court that the United States has not yet decided whether to intervene in this action to defend the constitutionality of the TCPA.  The approval of the Solicitor General is required for the United States to intervene in an action to defend the constitutionality of a federal statute.  *See* 28 C.F.R. § 0.21.  The process of obtaining a decision on intervention from the Solicitor General generally takes at least several weeks, sometimes longer, and Defendants' Rule 5.1(a) notice only recently came to the attention of the office within the Department of Justice responsible for recommending to the Solicitor General whether intervention is warranted.  Consequently, additional time is needed to permit a decision on intervention.

Accordingly, pursuant to Fed. R. Civ. P. 6(b)(1), counsel for the United States hereby submits this unopposed motion to extend the time period during which the United States may intervene for the limited purposes of defending the constitutionality of the TCPA by an additional sixty days, up to and including **July 13, 2019**.  If the United States intervenes, it will be prepared to file its memorandum in defense of the constitutionality of the statute that same day.  The United States has not previously sought an extension in this matter.  Undersigned counsel has conferred with counsel for both Plaintiff and Defendant

and neither party opposes this extension. A proposed order granting such extension is filed concurrently herewith.

DATED:  April 25, 2019.                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Joshua C. Abbuhl*_____
JOSHUA C. ABBUHL
E.D. Mo. Bar No. 1044782DC
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20005
(202) 616-8366 (tel.)
(202) 616-8470 (fax)
Joshua.Abbuhl@usdoj.gov

*Counsel for the United States of America*