## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL SEEFELDT, individually and on )
behalf of all others similarly situated, )
                                       )
                 Plaintiff, )
                                       )
v. )       Case No. 4:19-cv-00188
                                       )
ENTERTAINMENT CONSULTING )
INTERNATIONAL, LLC, )
                                       )
OUTFIELD BREW HOUSE, LLC d/b/a )
BUDWEISER BREW HOUSE, )
                                       )
                 Defendants. )
                                       )

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL

COMES NOW Defendant Outfield Brew House, LLC d/b/a Budweiser Brew House ("Brew House") by and through counsel, and for its Reply in Support of its Motion to Compel complete discovery responses and document production from Plaintiff, states as follows:

### INTRODUCTION

Plaintiff seeks to certify two classes of persons who he claims received text messages from Brew House in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff moved for class certification by utilizing documents produced in *Beal v. Outfield Brew House, LLC*, No. 2:18-cv-04028-MDH (W.D. Mo.), rather than utilizing the discovery mechanisms that were available to him in connection with the litigation he filed. In response, Brew House issued discovery to Plaintiff regarding his allegations, and,

1

importantly, to address his certification motion, and the Court deferred Brew House's obligation to respond to Plaintiff's Motion for Class Certification until after he had complied with Brew House's discovery requests and had been deposed.[1]

Following counsel's "meet and confer," Plaintiff produced only 11 pages of documents. He has refused to produce any additional documents.[2] Plaintiff's woefully inadequate production did not include any document reflecting his transaction history at Brew House or phone records reflecting Plaintiff's text message/call history, which relate directly to the classes he seeks to represent or that might impact his ability to act as class representative. Additionally, Brew House requested Plaintiff provide complete responses to Interrogatories No. 14, 15, and 19.[3]

Plaintiff's failure to produce the requested information prohibits Brew House from obtaining relevant and necessary information to properly respond to his Motion for Class Certification. Plaintiff's baseless accusations—that Brew House failed to make specific requests for Plaintiff's transaction history and phone records—serve no purpose other than to mislead the Court and avoid producing documents that are vital to the issue of class certification. Brew House specifically requested this information in its document requests and again during the parties' meet and confer.[4]

---

[1] *See* Exhibit B to Brew House's Motion to Compel (Dkt. 49-2); Order (Dkt. 38).
[2] *See* Exhibit D to Brew House's Motion to Compel (Dkt. 49-4).
[3] *See* Exhibit C to Brew House's Motion to Compel (Dkt. 49-3).
[4] *See, e.g.*, Exhibit B to Brew House's Motion to Compel (Dkt. 49-2) at Request Nos. 11, 13, 25, 26; Exhibit C to Brew House's Motion to Compel (Dkt. 49-3).

Brew House now requests that the Court order Plaintiff to provide pertinent information necessary to determine Plaintiff's ability to satisfy Federal Rule of Civil Procedure 23's requirements, overrule Plaintiff's resistance to doing so, and set a revised schedule for deposing Plaintiff and briefing Plaintiff's Class Certification Motion.

## ARGUMENT

I.    **Plaintiff's Phone Records and Transaction History are Essential to Determine Whether He Satisfies Requirements of Rule 23(a).**

Plaintiff's phone records and transaction history at Brew House directly impact his ability to serve as class representative. It is black-letter law that "'a class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members'" he or she seeks to represent. *Shapiro v. Midwest Rubber Reclaiming Co*., 626 F.2d 63, 71 (8th Cir. 1980) (citation omitted); *Wilson v. H&R Block Enters*., 369 Fed. App'x 772, 773 (8th Cir. 2010).

a. **Plaintiff's Transactional History at Brew House**

It is beyond dispute that many individuals consented to receiving text messages from Brew House, responded positively, and ultimately booked a happy hour(s) after receiving a text message. Here, Plaintiff alleges he never provided consent to receive text messages from Defendants and they sent him texts in violation of the TCPA. Accordingly, to determine the veracity of Plaintiff's claims, whether he consented to receiving text messages, and whether an "established business relationship"[5] ("EBR") exists, Brew

---

[5] An EBR is defined to include "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or

House must first determine when Plaintiff visited its establishment and whether and how his actions differ from those of putative class members.

The answers to these questions are essential in determining whether Plaintiff can satisfy Rule 23's requirements.  The final prerequisite of Rule 23(a), that Plaintiff will fairly and adequately represent the interests of the class, requires Plaintiff to demonstrate (1) that the interests of the proposed class representatives are not antagonistic to those of the unnamed class members, and (2) that the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Linquist v. Bowen*, 633 F.Supp. 846, 859 (W.D. Mo. 1986), *aff'd*, 813 F.2d 884 (8th Cir. 1987).  The appropriate test for determining whether the interest of the class representatives and other members of the class are antagonistic is whether the representatives and the class members share common objectives and legal or factual positions. *Rentschler v. Carnahan*, 160 F.R.D. 114, 116–17 (E.D. Mo. 1995).

Here, Plaintiff's credit card transaction history goes to the heart of the class certification issue.  It is impossible to determine whether Plaintiff can adequately represent the class without exploring Plaintiff's interactions with Brew House.  Such records are

---

transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call."  47 C.F.R. § 64.1200(f)(5).  Brew House disputes whether Plaintiff can even maintain a private right of action under 47 C.F.R. 64.1200(d). *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. Sept. 2, 2016).  To the extent a claim does exist, however, it exists solely under Section 227(c)(5) and therefore Plaintiff must allege a "telephone solicitation" in order to sustain such a claim.  See 47 U.S.C. § 227(c)(5).  A "telephone solicitation" excludes any individual with whom the caller has an EBR or from whom it received prior express invitation or permission.  47 U.S.C. § 227(a)(4).

necessary to determine, for example, whether Plaintiff shares a common objective and legal or factual positions with other putative class members, or whether his own experience with Brew House is so idiosyncratic that he would not be able to satisfy Rule 23's requirements. Moreover, Brew House is not able to identify every transaction with a customer through its own records.  As such, these documents are directly relevant to the issue of whether Plaintiff can satisfy Rule 23's requirements.

### b. Plaintiff's Phone Records

Plaintiff's phone records also relate directly to his ability to serve as a class representative.  The commonality, typicality and adequacy requirements "'serve as guideposts for determining whether . . . the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'"  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 n. 20 (1997) (alteration in original) (citation omitted).

For example, Plaintiff's proposed "DNC Class" seeks to represent persons who received "more than one text message" during a twelve-month period.  To date, however, Plaintiff has produced only one screenshot of one text message.  Thus, Plaintiff's phone records are necessary to determine if: (1) Plaintiff allegations that he received "multiple text messages" are true and, if so, (2) if he is an adequate representative of the proposed class. If Plaintiff only received one text within any 12-month period, Rule 23(a) is not satisfied and thus, Plaintiff cannot be a member of that class.  Plaintiff's phone records are also relevant to determine whether he is a "residential telephone subscriber" as required to

maintain his claim under 47 C.F.R. § 64.1200(d), to the extent Plaintiff even has the right to maintain a private right of action under this regulation, which Brew House disputes. The phone records may also reflect his communications with Brew House and other venues showing that he welcomed and fully participated in similar happy hours, or otherwise provide information establishing why this action is not maintainable as a class action. Therefore, these documents are directly relevant to the issue of class certification.

**II.  Brew House's Interrogatories Seek Non-Privileged Information Relevant to Plaintiff's Ability to Represent the Potential Class Under Rule 23.**

Interrogatories 14 and 19 do not request attorney-client privileged information. Interrogatory 14 requests Plaintiff identify the *date* on which he first communicated with his attorneys in this matter. Interrogatory 19, on the other hand, requests Plaintiff explain the nature of his relationship with his attorneys.

Plaintiff's objection to Interrogatories 14 and 19 should be overruled. To determine whether Plaintiff can adequately represent the class, Brew House may inquire about the relationship between Plaintiff and his counsel. If Plaintiff is a close friend or colleague of his counsel, it would raise the question as to whether Plaintiff would place the interests of the class above that of class counsel. *See London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253-55 (11th Cir. 2003) (class certification denied, where, among other reasons, plaintiff was a personal friend of class counsel, which presented a conflict of interest as to whether the plaintiff would place counsel's interest above the interests of the class).

Secondly, *Carlyle v. Lai*, 783 S.W.2d 925 (Mo. Ct. App. 1989), a wrongful death case cited by Plaintiff in Response at p. 6, is inapplicable. Brew House is not seeking to

"discredit a litigant by cross-examining him about the time and circumstance" of consulting with his attorneys; rather, Brew House simply exercised its right to determine the relationship between Plaintiff and the putative class counsel as permitted in *London*. Furthermore, Brew House's right to inquire into the nature of the relationship and the date on which it occurs is a "justifiable reason" for the request as contemplated under *Carlyle*. Accordingly, Plaintiff should fully answer Interrogatories 14 and 19.

## CONCLUSION

Accordingly, Brew House requests that this Court enter an order requiring: (1) Plaintiff to provide documents responsive to Requests No. 11, 13, 25, and 26, including his phone records and credit card transaction history, and complete responses to Interrogatories Nos. 14 and 19 on or before June 21, 2019; (2) Plaintiff be deposed within 3 weeks from the date he produces such documents and information; and (3) Defendants' Suggestions in Opposition to Plaintiff's class certification motion be filed within 3 weeks of Plaintiff's deposition, provided that Defendant has deposed any relevant third-party witnesses identified by Plaintiff in discovery or during his deposition.

Dated: June 11, 2019

Respectfully submitted,

*/s/ Jacqueline M. Sexton*

Jacqueline M. Sexton          #53262
Zach T. Bowles                #70531
FOLAND, WICKENS, ROPER, HOFER &
CRAWFORD, P.C.
1200 Main Street, Suite 2200
Kansas City, MO 64105
(816) 472-7474
(816) 472-6262 Facsimile
Email:  jsexton@fwpclaw.com
        zbowles@fwpclaw.com

        and

Lauri A. Mazzuchetti (admitted *pro hac vice*)
Whitney M. Smith (admitted *pro hac vice*)
Glenn T. Graham (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
Email:  lmazzuchetti@kelleydrye.com
        wsmith@kelleydrye.com
        ggraham@kelleydrye.com

**ATTORNEYS FOR DEFENDANTS**

8

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned hereby certifies that on this 11th day of June, 2019, a true and correct copy of the above and foregoing document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

              /s/  Jacqueline M. Sexton
              **ATTORNEYS FOR DEFENDANTS**