UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SEEFELDT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:19-cv-00188-SNLJ ) |
| ENTERTAINMENT CONSULTING INTERNATIONAL, LLC. | ) ) ) ) |
| OUTFIELD BREW HOUSE, LLC. d/b/a BUDWEISER BREW HOUSE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Currently before the Court is defendants' "notice of discovery dispute and request for telephone conference" (#45), defendant Outfield Brew House LLC.'s "motion to compel and memorandum in support." (#49), and defendants' motion for extension of time to file their suggestions in opposition to plaintiffs' motion for class certification (#53). To begin, the **STAY** of this case entered on June 19, 2019 is hereby **LIFTED**. Further, defendants' motion for a telephone conference is **DENIED**—the parties' dispute, in the Court's view, is ultimately straightforward and does not require the assistance of what is essentially oral argument. As for Brew House's motion to compel, that motion will also be **DENIED** for the reasons set forth below. Finally, defendants' motion for extension of time will be **DENIED AS MOOT**.

1

This is a putative class-action brought by plaintiff, Michael Seefeldt, under the Telephone Consumer Protection Act (TCPA), 28 U.S.C. § 227. The Court previously ordered that limited discovery take place in May, 2019, as to the issue of "defendants' opposition to the class certification motion [that was already filed]." (#38, p. 1). As part of that effort, defendants seek to compel plaintiff to respond to the following interrogatories:

> 14. Identify the first day that You communicated with any of the attorneys involved in this case or any attorney regarding the facts alleged in the Action or concerning the Subject Matter of this Action.
>
> 15. Identify each statement that You and/or Your attorneys and Your agents obtained from any person pertaining to the Subject Matter of this Action, whether or not the statement was prepared in anticipation of litigation or trial, and attach a true copy of the statement, if written, to Your answers to these Interrogatories.
>
> 19. Do you have a relationship with any individual employed by or associated with any of the attorneys representing You in this action, outside the context of the attorney-client relationship? If so, describe the nature of that relationship.

Plaintiff objected to Interrogatory 14 on the ground that it sought irrelevant information for purposes of class certification. Defendants' only response is that "Interrogatory 14 … do[es] not request attorney-client privilege information," having only asked "plaintiff [to] identify the *date* on which he first communicated with his attorney." (emphasis in original). Be that as it may, plaintiff's objection was as to relevancy—not privilege—and defendants do nothing at all to address that point.

Plaintiff objected to Interrogatory 15 on the grounds that it sought irrelevant information for purposes of class certification and that it was overbroad and vague, which

2

defendants purportedly conceded by agreeing "verbally to narrow the request to the communications made by [plaintiff] to other class members." Plaintiff says he told defendants that he had no such information, which defendants complained "was not provided in the form of a supplemental response," but plaintiff points out "the defendants never formally amended their interrogatory [so] it is still objectionable." Defendants do nothing to address this point—in fact, Interrogatory 15 is not mentioned at all in the argument section of defendants' reply brief.

As for Interrogatory 19, plaintiff responded without objection by saying he has "a professional relationship with the lawyers who have appeared on [his] behalf," and a "personal relationship with other lawyers employed by Wood Law Firm who have not appeared on [his] behalf." Defendants, apparently dissatisfied with this answer, attempt to explain through case law why they deserve to know the "parameters of the professional relationship." Plaintiff points out, however, that this is a "separate question they failed to ask." This Court agrees. Terse as it may seem to defendants, plaintiff responded to the questioned asked of him—the phrase "nature of the relationship" does not clearly indicate that what was expected was the detailed "parameters of the [] relationship."

Defendants also seek "certain responsive documents" to these interrogatories, but they fail to explain the scope of that request or what requests for production are implicated. Defendants argue, for example, that they need plaintiff's "phone records and transaction history at Brew House"—information that is apparently sought through their requests for production of documents, though defendants do not tell the Court which request(s) in particular—so that they can determine whether plaintiff "consented to

3

receiving text messages" to thereby form an "established business relationship" under 47 C.F.R. § 64.1200(f)(5). The legal strategy and logic make sense. But then, according to Request 25—the closest request this Court could find for itself on the issue—what defendants actually sought was "all telephone bills and telephone records for each phone used by You … during the period from April 2014 through the present." That request is considerably broader than the information defendants say they seek now, and they do nothing at all to explain why plaintiff's answer was insufficient when he responded: "there is only one phone number at issue, and the only text messages at issue are the July 18, 2018 text and the texts set forth in Doc. 30-1. For each text message at issue, plaintiff will produce a page from the relevant monthly statement showing he was the subscriber at the time." If it is defendants' contention that they are entitled to *carte blanche* access to all phone records of plaintiff since 2014, they've done nothing to convince, or even try to convince, this Court of the merits of that position.

Put simply, defendants have not carried their burden in explaining to this Court why their motion to compel should be granted. It will, therefore, be denied. Finally, it appears from the arguments that depositions were not completed in time due to the parties' ongoing discovery dispute; defendants say they cannot conduct a deposition without the information they seek in their motion—again, doing too little to explain why this is the case. It would seem many of the issues in dispute can, in fact, be resolved by asking those questions in deposition. Therefore, defendants may take the deposition of plaintiff within 14 days of this Order on a date to be agreed upon by the parties. Thereafter, defendant shall have an additional 14 days to file their suggestions in

opposition to plaintiff's motion for class certification—mooting their pending motion for extension of time on that issue.

Accordingly,

**IT IS HEREBY ORDERED** that the **STAY** entered on June 19, 2019, is **LIFTED**.

**IT IS FURTHER ORDERED** that defendants' "notice of discovery dispute and request for telephone conference" (#45) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Outfield Brew House LLC.'s "motion to compel and memorandum in support" (#49) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants may take the deposition of plaintiff within 14 days of this Order at a date to be agreed upon by the parties.

**IT IS FURTHER ORDERED** that defendants shall have an additional 14 days after taking plaintiff's deposition for which to file their suggestion in opposition to plaintiff's motion for class certification. Accordingly, defendants' motion for extension of time to file their suggestions in opposition to plaintiffs' motion for class certification (#53) is **DENIED AS MOOT**.

So ordered this 1st day of July 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE