# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SEEFELDT, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.  4:19-cv-00188 |
| ENTERTAINMENT CONSULTING INTERNATIONAL, LLC, ) ) ) ) | |
| OUTFIELD BREW HOUSE, LLC d/b/a BUDWEISER BREW HOUSE, ) ) ) | |
| Defendants. ) ) | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

As supplemental authority in opposition to Plaintiff's motion for class certification, Defendants Outfield Brew House, LLC d/b/a Budweiser Brew House and Entertainment Consulting International, LLC respectfully provide the Court with the recent opinion of the United States District Court for the Southern District of New York in *Hunter v. Time Warner Cable, Inc.*, No. 15-CV-6445 (JPO), 2019 WL 3812063 (S.D.N.Y. Aug. 14, 2019) (attached as Exhibit 1).

The parties' briefing concerns, in part, whether the putative class members would be ascertainable through use of public websites and whether individual issues of consent preclude certification.  (*See* Dkt. No. 68 at 20 (arguing Plaintiff has not established that the putative class is ascertainable); *id.* at 10-13 (highlighting individualized issues of consent);

Dkt. No. 82 at 20 (suggesting putative class is ascertainable through use of public websites); *id.* at 6, 14-15 (contending that consent is an affirmative defense that does not preclude certification).)  In *Hunter*, the Southern District of New York addressed both these points of contention when denying class certification in the TCPA action pending before it.  The court identified flaws in the use of public websites to ascertain class members and rejected the argument that affirmative defenses do not preclude predominance.  *See* 2019 WL 3812063, at *10-11 (addressing infeasibility of ascertainability through public websites); *id.* at *14-17 (explaining that courts must consider potential affirmative defenses, including consent, in assessing the predominance requirement).  In denying class certification, the *Hunter* court stated that "[i]n joining the 'chorus of other courts faced with TCPA class actions that have found such individualized inquiries on the consent issue precluded class certification,' the Court finds itself in good company."  *Id.* at *17 (quoting *Ung v. Universal Acceptance Corp.*, 319 F.R.D. 537, 541 (D. Minn. 2017) (citation and internal quotation marks omitted).  This Court should likewise deny Plaintiff's class certification motion.

Dated: August 21, 2019

By: */s/ Jacqueline M. Sexton*
   W. James Foland #25022
   Jacqueline M. Sexton #53262
   Zach T. Bowles #70531
   Foland, Wickens, Roper,
   Hofer & Crawford, P.C.
   1200 Main Street, Suite 2200
   Kansas City, MO 64105
   (816) 472-7474
   jfoland@fwpclaw.com
   jsexton@fwpclaw.com
   zbowles@fwpclaw.com

Respectfully submitted,

Lauri A. Mazzuchetti (*pro hac vice*)
Geoffrey W. Castello (*pro hac vice*)
Whitney M. Smith (*pro hac vice*)
Glenn T. Graham (*pro hac vice*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com
gcastello@kelleydrye.com
wsmith@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendants*
*Outfield Brew House LLC d/b/a*
*Budweiser Brew House and*
*Entertainment Consulting International,*
*LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 21st day of August, 2019, a true and correct copy of the above and foregoing document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

> */s/ Jacqueline M. Sexton*
> *Attorneys for Defendants*
> *Outfield Brew House LLC d/b/a Budweiser Brew House and Entertainment Consulting International, LLC*