IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SEEFELDT, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>Vs.<br><br>ENTERTAINMENT CONSULTING INTERNATIONAL, LLC, et al.<br><br>       Defendants. | Case No. 4:19-cv-00188 |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR STAY BASED ON CERTIORARI
IN *BARR V. AMERICAN ASSOCIATION OF POLITICAL CONSULTANTS***

**I. INTRODUCTION**

This Court has already requested and received supplemental briefing on the issues raised in the *Barr v. AAPC* case. Both parties and the government have had the opportunity to brief the issues. Both the government and the Plaintiffs believe the above cited case to be wrongly decided, and indeed, that is why the Solicitor General asked for **and was granted** certiorari. The AAPC, however, taking a cue from the aphorism that "when you're being run out of town on a rail, get out in front and make it look like a parade,"[1] supported the certiorari petition claiming that the Fourth Circuit got the constitutional question right and the remedy wrong. In what may be one of the most attenuated legal arguments ever made, the AAPC takes the position that in spite of a statutory severance provision and the Supreme Court's longstanding jurisprudence on severance,

---

[1] Used first in the context of sports. See, e.g., 2 July 1957, Big Spring (TX) *Daily Herald*, "Looking 'em Over" with Tommy Hart, pg. 7B, col. 1:

1

the Supreme Court should carve out a special rule just for them. As the Attorney General notes in the government's brief: "Respondents make no effort to explain why invalidation of the automated-call restriction would be consistent with legislative intent here." (Petitioner's Reply Brief on Certiorari at 3, See Exhibit 1, attached)

Because there is little if any chance that the Supreme Court will affirm the Fourth Circuit, or even if they do, that they will modify the remedy, this court should deny the stay, rule on the motion to dismiss so that while that petition is pending the case may be brought to a decision point.

## II.   ARGUMENT AND AUTHORITY

A. STANDARDS FOR GRANTING A STAY

A stay is an "intrusion into the ordinary processes of administration and judicial review," *Nken v. Holder*, 556 U.S. 418 (2009); *Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (C.A.D.C.1958) (per curiam ), and accordingly "is not a matter of right." This is true even were irreparable injury is a possibility *Virginian R. Co. v. United States,* 272 U.S. 658, 672, 47 S.Ct. 222, 71 L.Ed. 463 (1926). The traditional standard for a stay considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

In *Landis v. North American Co.,* 299 U.S. 248 (1936), the Supreme Court said:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id.* at 259.

In that case the court reversed and remanded the case to the district court for consideration of the stay motion such that "[b]enefit and hardship will be set off, the one against the other, and upon an ascertainment of the balance discretionary judgment will be exercised anew." *Id*. at 259. Indeed, this is the approach taken in the Eighth Circuit. In *Twin Cities Galleries, LLC v. Media Arts Group, Inc.,* 431 F.Supp.2d 980 (D. Minn. 2006), the district court examined the above factors in deciding a motion to stay. It noted that "[t]ypically, the likelihood of success on the merits is the most significant factor." *Id*. at 983 citing *S & M Constructors, Inc. v. Foley Co*., 959 F.2d 97, 98 (8th Cir.1992). It refused to take a position on the likelihood of success finding the other three factors favored a stay in that case. See *In re Workers' Compensation Refund*, 851 F.Supp. 1399 (D. Minn. 1994) (balance of harm weighed against stay, but stay granted because of novel and substantial legal issues); *U.S. v. City of St. Paul*, 193 F.R.D. 640 (D. Minn. 2000) (stay denied due to lack of success on merits and lack of harm to city combined with irreparable harm to HUD); *Brady v. National Football League*, 640 F.3d 785 (8th Cir. 2011) (likelihood of success on the merits and irreparable harm to NFL favored granting stay).

B. APPLYING THE FACTORS COUNSELS DENIAL OF THE STAY

*1. ECI Has Shown No Likelihood of Success on the Merits*

The pending issues before this Court are a motion to dismiss, fully briefed and ripe for decision, and a motion to grant class certification, also fully briefed. This court sought supplemental briefing on the issues in the *Barr v. AAPC* case. That briefing is closed. The only issue *Barr v. AAPC* applies to is whether the statute is constitutional. The Fourth Circuit held it was constitutional and simply excised what it felt was an improper addition to the statute. The proper question this Court should address is whether it is likely that Supreme Court will affirm the

3

Fourth Circuit on constitutional grounds but reverse on severability when all the jurisprudence from the last 30 years points toward severance as the proper remedy.

As noted in *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992), the first and most important factor is the likelihood of success on the merits at the Supreme Court. Here ECI must demonstrate a likelihood of success on precisely that issue, which it has made no principled attempt to do. This is because if the Supreme Court merely affirms the Fourth Circuit, this Court can simply sever any unconstitutional exception and deny the motion to dismiss. Only if the Supreme Court affirms on the constitutional issue and reverses on the severance issue would the opinion affect this case. Given the long history of the statute and the multiple previous challenges, that frankly requires a willing suspension of disbelief in the principle of *stare decisis*. Moreover, as the government writes in its reply brief on Certiorari:

> Respondents do not argue, and the court below did not suggest, that the restriction was invalid before the government-debt exception was added to the statute. Given that history—and the severability provision set forth in the Communications Act of 1934, 47 U.S.C. 151 et seq., of which the TCPA is a part, Pet. App. 23a; see 47 U.S.C. 608—there is no reason to doubt Congress's intent that the automated-call restriction would remain in place if the government-debt exception were held to have introduced a constitutional infirmity.

Petitioner's Reply Brief at 3.

Thus, at the outset, the motion for a stay fails for a failure to meet the requirement of a likelihood of success on the merits. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992); *Brady v. National Football League*, 640 F.3d 785 (8th Cir. 2011).

2. *ECI Makes No Assertion or Proof of Irreparable Injury*

ECI does not even attempt to assert irreparable injury. Its argument boils down to an unreported district court opinion from 2015 where the defendant sought a stay in a TCPA case.

4

There, the Supreme Court was considering an issue that may have impacted that case. *St. Louis Heart Center v. Athenahealth Inc.,* 2015 WL 6777873. However, the case is nowhere close to this one. In that case the court noted "[t]he Supreme Court has already heard oral argument on *Campbell–Ewald*, and it will reach a decision this term." *Id*. at 5. Here the Supreme Court granted certiorari on January 10, 2020. Even with expedited briefing the case may not be decided until late 2020, or early 2021. That delay is significant given that the motion to dismiss has not been ruled and the class certification issue has not been decided. Only very limited discovery has been done, and ECI has not framed the issues with an answer. An additional delay of 10 to 14 months in this process would be significant in terms of getting on the Court's trial calendar, and as the Court knows, justice delayed is justice denied. *E3 Biofuels, LLC v. Biothane, LLC,* 2013 WL 3337315. While the defendant seems to suggest that the lawsuit could have been filed sooner, clients come in when clients decide to pursue a claim. Lawyers do not harvest clients like spinach.

Absent a showing that defendants will have a real and substantial injury, which ECI has not shown here, there should be no stay. *S & M Constructors, Inc. v. Foley Co*., 959 F.2d 97, 98 (8th Cir.1992); *Brady v. National Football League*, 640 F.3d 785 (8th Cir. 2011).

3. *Delay Would Impact Plaintiff by Limiting Witness Recall.*

A delay occasioned by a stay at this point, where the issues are not framed for discovery, where discovery has not taken place, and where the passage of time may affect witness memories, places the plaintiff at a disadvantage if, as the case law on severance suggests, the Supreme Court takes the unusual position of agreeing on the constitutional issue and in accord with their jurisprudence, affirms the remedy of severance. Delay in deposing witnesses is a problem in a fully-functioning economy where job mobility may make tracking down people who are current

5

employees difficult when they change jobs during the delay.  The delay hurts both parties, but it hurts plaintiff hardest because plaintiff has the burden of proof.

   4. *Public Interest is Served by Advancing Litigation, not Stalling it.*

Congress enacted the TCPA because land line and cellular telephone lines were being abused by telemarketers and political advertisers.  Class action litigation involving the TCPA is litigation in the public interest. *Cf. In re Cardizem CD Antitrust Litigation*, 218 F.R.D. 508 (S.D. Mich. 2003) (antitrust action serves the public interest by ensuring effective enforcement of the antitrust laws and deterrence of anti-competitive conduct in the marketplace).  Cases like this one serve to place advertisers on notice that abuses will not be tolerated and will be prosecuted.  It is in the public interest to proceed swiftly with this case.

   5. *Real Judicial Economy Counsels Denial of the Stay*

Finally, while it makes a judicial economy argument, ECI omits that the current status of the case makes that argument nonsensical.  Even if the outstanding motions were ruled tomorrow (as would be plaintiff's request) this case is still more than year from final disposition.  The inherent delay in the discovery and summary judgment processes alone will likely cause this case to move into 2021, and a ruling by the Supreme Court at that time will either be dispositive (unlikely) or inconsequential (very likely).  But waiting for that ruling to do anything further on the case would be a mistake and most certainly would not be in the interests of judicial economy.  This case would remain on the Court's docket and affect the Court's docket statistics when it should be moving toward judgment.

6

### III.  CONCLUSION

This case has two pending motions ahead of the instant motion: a motion to dismiss and a motion for class certification.  No answer has been served in this case.  The issues are not framed.  A stay would negatively affect the plaintiff class and delay justice.  Should this case reach a point where it is ready to move to dispositive motions, then perhaps a stay might be more appropriate.  But as this case sits today, a stay amounts to justice denied.

Dated: February 4, 2020                                Respectfully submitted,


/s/ Anthony L. DeWitt
Anthony L. DeWitt MO41612
Bartimus Frickleton Robertson Rader, PC
109 B East High Street
Jefferson City, MO 65101
573-659-4454

Ari Rodopoulos MO 58777
Wood Law Firm, LLC
1100 Main Street, Suite 1800
Kansas City, MO 64105
office: 816-559-7645

Edward D. Robertson, III MO58801 (Pro Hac)
Bartimus Frickleton Robertson Rader, PC
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300

*Attorneys for Plaintiff and all others similarly situated*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2020, the foregoing document was filed with the clerk of the court using the court's CM/ECF system, which will serve notice on all parties of record.

Glenn T. Graham     ggraham@kelleydrye.com, docketing@kelleydrye.com

Jacqueline M. Sexton     jsexton@fwpclaw.com, lreinier@fwpclaw.com

Lauri A. Mazzuchetti     lmazzuchetti@kelleydrye.com

Whitney M Smith     wsmith@kelleydrye.com, docketing@kelleydrye.com

Zachary T. Bowles     zbowles@fwpclaw.com

By: /s/ Anthony L. DeWitt
Attorney for Plaintiff