UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SEEFELDT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:19-cv-00188-MTS |
| ENTERTAINMENT CONSULTING INTERNATIONAL, LLC, et al., | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

On February 25, 2020, this Court granted Defendants Motion to Stay this case pending the Supreme Court's decision in *Barr v. American Association of Political Consultants*, No. 19-631. (ECF No. 97). Plaintiff opposed that stay. (ECF No. 95). On July 6, 2020, the Supreme Court announced its judgment in *Barr*. *See Barr v. Am. Ass'n of Political Consultants, Inc*, 140 S. Ct. 2335 (2020). Days later it granted certiorari in *Facebook, Inc. v. Duguid*, No. 19-511, to determine whether the definition of "automatic telephone dialing system" in the Telephone Consumer Protection Act encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator." *See Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020). Via letter to this Court dated July 31, 2020, the defendants, writing on behalf of themselves "and plaintiff, Michael Seefeldt," informed this Court of the *Barr* decision and "request[ed] the continued stay of this action pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid*[.]" (ECF No. 98).

This Court has "inherent power" to grant a stay "in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983). Whether to grant a stay "calls

for the exercise of judgment" where courts must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Specifically, this Court weighs "the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, 4:15-cv-01215-AGF, 2015 WL 6777873 at *5 (E.D. Mo. Nov. 4, 2015); *see also Simmons v. GlaxoSmithKline, LLC*, No. 4:15-cv-1397-CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (weighing stay's potential prejudice to nonmoving party, hardship and inequity to moving party if action not stayed, and saving of judicial resources).

Here, both parties have requested the continued stay of this action pending the Supreme Court's resolution of *Duguid*. (ECF No. 98). The agreement of the parties in favor of the stay, while not dispositive, suggests a lack of potential prejudice or hardship to them. *See e.g.*, *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 0:17-cv-05094-WMW-BRT, 2018 WL 6012443, at *2 (D. Minn. Nov. 16, 2018); *Compass Bank v. Eager Rd. Assocs., LLC*, No. 4:12-cv-1059-JCH, 2013 WL 5786669, at *2 (E.D. Mo. Oct. 28, 2013); *cf. Lacy v. Comcast Cable Commc'ns, LLC*, No. 3:19-CV-05007-RBL, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020) (denying motion to stay pending *Duguid* decision where plaintiff opposed stay but describing it as a "somewhat close question"). Consistent with their positions, the Court sees no potential prejudice or hardship to the parties that would warrant denying the stay.

Further, the interest of judicial economy favors the stay. As this Court previously noted in its stay pending the *Barr* decision, without resolution of *Duguid*, there would exist "much more uncertainty about the TCPA at large and, specifically, the viability of plaintiff's claims." *Seefeldt v. Entm't Consulting Int'l, LLC.*, 441 F. Supp. 3d 775, 778 (E.D. Mo. 2020) (ECF No. 97). Even prior to the Supreme Court's grant of certiorari in *Duguid* this Court noted the "best approach" potentially may be to await "much-needed clarity from the Supreme Court" on the definitional problem at issue in *Duguid*. *Id.* at 778–79. *See also A.M. ex rel. Deora v. Bridgecrest Acceptance Corp.*, No. 4:20-cv-

00553-SEP, 2020 WL 3489280, at *3 (E.D. Mo. June 26, 2020) (noting that if the Supreme Court granted certiorari in *Duguid*, "there might be good reason to stay" the TCPA case). A stay in this case pending the Supreme Court's decision in *Duguid* will "avoid exhausting judicial resources to decide things like defendants' multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible discovery-related matters or summary judgment motions to follow which may prove fruitless." *Seefeldt*, 441 F. Supp. 3d at 779.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **STAYED** pending the resolution by the U.S. Supreme Court of *Facebook, Inc. v. Duguid*, No. 19-511.

So ordered this 21st day of August 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE